# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

THOMAS ASBURY and          )
LEIGH ANN BRYSON,          )
                           )
          Plaintiffs,      )
vs.                        )          NO.  CIV-14-1331-HE
                           )
NORTH STAR MUTUAL INSURANCE )
COMPANY, HINSON INSURANCE   )
AGENCY and MERIDIAN CLAIMS  )
SERVICE, LLG,               )
                           )
          Defendants.      )

## ORDER

Plaintiffs Thomas Asbury and Leigh Ann Bryson, whose property was damaged by

a tornado on May 19, 2013, filed this action in state court against their insurer, Northstar

Mutual Insurance Company ("Northstar"), insurance agent, Hinson Insurance Agency

("Hinson"), and claims adjuster, Meridian Claims Services, LLC ("Meridian").  Plaintiffs

have since dismissed Meridian from this case [Doc. #16], but are still pursuing claims against

Northstar for breach of contract and bad faith, as well as claims against Hinson for negligent

procurement and constructive fraud.[1]

Defendants removed this action, claiming that Hinson was fraudulently joined and

therefore this court has diversity jurisdiction despite plaintiff and Hinson both being citizens

of the state of Oklahoma.  Plaintiffs have filed a motion to remand, contending the court

---

[1]*Plaintiffs originally also asserted claims against Northstar for negligent investigation, negligent procurement, constructive fraud and negligent underwriting, and claims against Hinson for negligent underwriting and breach of fiduciary duty, but have since abandoned these claims.*

lacks subject matter jurisdiction because Hinson was properly joined. As the court concludes plaintiffs have a reasonable basis for a claim against Hinson, their motion to remand will be granted.

Jurisdiction is present here only if the parties are diverse, which requires a determination that Hinson's joinder is fraudulent or should otherwise be ignored. The party claiming fraudulent joinder bears a heavy burden. Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013). After resolving disputed questions of fact and ambiguities in favor of the plaintiffs, the court then determines whether they have "'any possibility of recovery against the party whose joinder is questioned.'" Montano v. Allstate Indem., 2000 WL 525592, at *1 (10th Cir. 2000) (quoting Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000)). "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 Fed.App'x. 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.*

Defendants urge the court not to consider plaintiffs' amended complaint because only the pleadings at the time of removal are generally considered on a motion to remand, and plaintiffs did not file the amended complaint until after removal. This argument ignores the fact that, where fraudulent joinder is claimed, courts must "'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Id.* (quoting Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir.1964). Here, the amended

complaint sets forth considerably more specific factual allegations as to the basis for the asserted claims against Hinson.

The amended complaint alleges that plaintiffs contacted Hinson to see if additional coverage was necessary and available because they were in the process of remodeling their home and had inherited personal property from plaintiff Bryson's mother. Hinson allegedly informed plaintiffs that increased coverage was not available until the remodel was complete and the inherited items were appraised. This, plaintiffs allege, was untrue.

Under Oklahoma law, "an agency has a duty to exercise reasonable care in performing its tasks such as procuring insurance and making any necessary corrections or adjustments after a policy is issued." Cosper v. Farmers Ins. Co., 309 P.3d 147, 149 (Okla. Civ. App. 2013) (citing Swickey v. Silvey Co., 979 P.2d 266, 269 (Okla. Civ. App. 1999)). As defendants point out, this duty does not require an insurance agent to "advise an insured with respect to his insurance needs," Mueggenborg v. Ellis, 55 P.3d 452, 453 (Okla. Civ. App. 2002), nor is this duty "expanded by general requests for 'full coverage' or 'adequate protection,'" Rotan v. Farmers Ins. Group of Cos., 83 P.3d 894, 895 (Okla. Civ. App. 2003). But what is required is that the agent "offer coverage…for needs that are disclosed by the insured." *Id.* (emphasis in original). Additionally, "an agent may be held accountable for failing to answer an insured's coverage questions accurately." Smith v. Allstate, 2014 WL 1382488, *3 (W.D. Okla. April 8, 2014). The amended complaint alleges that plaintiffs disclosed specific needs to Hinson, but were incorrectly told that they would have to wait to obtain proper coverage. Given the specificity of the current allegations, which are included

3

in a document to which Rule 11 applies,[2] the court concludes a potentially viable claim for

negligent procurement of insurance exists against Hinson.  Accordingly, this case will be

remanded to state court.[3]

Plaintiffs' motion does not explicitly seek attorney's fees and costs, but defendants

have addressed the issue.  While a court has discretion to award costs and fees to plaintiffs

who prevail on a motion to remand, 28 U.S.C. § 1447(c), "the standard for awarding fees

should turn on the reasonableness of the removal. Absent unusual circumstances, courts may

award attorney's fees under § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Given the similarity between the first set of allegations in this case and those in Smith, which

this court concluded were insufficient to make out a claim against the defendant-agent, as

well as the number of similar cases (whether the result of these attorneys or otherwise) where

wholly conclusory claims are asserted against a local agent without any apparent basis, the

court concludes defendants' removal was objectively reasonable.  Therefore, to the extent

plaintiffs' seek an award of fees and costs in connection with defendants' removal, the

---

[2]*See Fed.R.Civ.P. 11(b)(3).  An attorney's signature on a pleading, motion or "other paper" constitutes the attorney's certification that, to the best of the attorney's knowledge and belief, formed after reasonable inquiry, factual allegations have evidentiary support.*

[3]*Defendants also challenge plaintiffs' constructive fraud claim against Hinson.  Because the possibility of any claim requires a remand, Cannon v. Fortis, Ins. Co., 2008 WL 640404, *2 (W.D. Okla. March 5, 2008), and a negligent procurement claim is possible, the court need not review the possibility of the constructive fraud claim.*

request will be denied.

Plaintiffs' motion to remand [Doc. #18] is **GRANTED**, with the parties to bear their own costs and attorneys fees related to the removal. This case is **REMANDED** to the District Court of Pottawatomie County, Oklahoma.

**IT IS SO ORDERED**.

Dated this 11th day of February, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE